# THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| AARON MICHAEL UHL, | ORDER |
| Plaintiff, | |
| v. | Case No. 1:22-cv-00170-DAK-JCB |
| BONDS R US, et al., | District Judge Dale A. Kimball |
| Defendants. | Magistrate Judge Jared C. Bennett |

District Judge Dale A. Kimball referred this case to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B).[1] Before the court is pro se Plaintiff Aaron Michael Uhl's ("Mr. Uhl") motion for appointment of counsel.[2] The court denies Mr. Uhl's motion because he fails to carry his burden of showing that appointed counsel is necessary.[3]

"There is no constitutional right to appointed counsel in a civil case."[4] However, "[t]he court may request an attorney to represent any person unable to afford counsel."[5] "The

---

[1] ECF No. 6.

[2] ECF No. 9.

[3] Although this and other courts discuss the "appointment of counsel" in the context of a civil case, that phrase is technically inaccurate because the court lacks the authority to "appoint counsel" in a civil case as it does in a criminal case. In a civil action, such as the one at issue here, all the court can do is request counsel to take the case, and counsel can decline. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 307-08 (1989) (recognizing that courts cannot compel an unwilling attorney to represent a party in a civil case).

[4] *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989) (per curiam).

[5] 28 U.S.C. § 1915(e)(1).

appointment of counsel in a civil case is left to the sound discretion of the district court."[6] When deciding whether to appoint counsel, the court weighs the following factors: "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims."[7] Ultimately, "[t]he burden is upon the applicant to convince the court that there is sufficient merit to his claim[s] to warrant the appointment of counsel."[8]

For the following reasons, Mr. Uhl fails to meet his burden. First, the merits of Mr. Uhl's claims are unclear at this point because the court has not yet completed the screening of Mr. Uhl's complaint under 28 U.S.C. § 1915(e)(2) and DUCivR 3-2(b). Second, the factual and legal issues raised by Mr. Uhl's claims do not appear to be complicated or difficult to explain. Further, at this stage of Mr. Uhl's case, the court is concerned only with the sufficiency of his allegations, and the court is not persuaded that appointed counsel would materially assist Mr. Uhl in describing the facts underlying his claims.[9] Finally, Mr. Uhl fails to demonstrate that he is unable to adequately present his claims. Indeed, Mr. Uhl was able to draft a 60-page complaint setting forth his claims.[10] For those reasons, the court DENIES Mr. Uhl's motion for appointment of counsel.[11]

---

[6] *Shabazz v. Askins*, 14 F.3d 533, 535 (10th Cir. 1994).

[7] *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quotations and citations omitted).

[8] *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985) (per curiam).

[9] *See, e.g.*, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (stating that "a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury").

[10] ECF No. 5.

[11] ECF No. 9.

IT IS SO ORDERED.

DATED this 2nd day of March 2023.

BY THE COURT:

_____
JARED C. BENNETT
United States Magistrate Judge