# THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| **AARON MICHAEL UHL,** | **ORDER** |
| **Plaintiff,** | |
| **v.** | **Case No. 1:22-cv-00170-DAK-JCB** |
| **BONDS R US, et al.,** | **District Judge Dale A. Kimball** |
| **Defendants.** | **Magistrate Judge Jared C. Bennett** |

District Judge Dale A. Kimball referred this case to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B).[1] Pro se Plaintiff Aaron Michael Uhl ("Mr. Uhl") moves: (1) to extend the deadline to comply with the court's order regarding service of process, and (2) to appoint counsel.[2] For the reasons stated below, the court grants in part and denies in part Mr. Uhl's motion.

For good cause shown, the court grants Mr. Uhl's motion for a 60-day extension of the deadline to comply with the court's order concerning service of process.[3] Mr. Uhl must comply with the requirements of that order on or before May 19, 2026.

---

[1] ECF No. 6.

[2] ECF No. 34. Mr. Uhl requests leave to file a renewed motion to appoint counsel, but because he argues that appointed counsel is necessary, the court construes his motion as one to appoint counsel.

[3] ECF No. 33.

Next, the court denies Mr. Uhl's motion to appoint counsel because he fails to carry his burden of showing that appointed counsel is necessary.[4] "There is no constitutional right to appointed counsel in a civil case."[5] However, "[t]he court may request an attorney to represent any person unable to afford counsel."[6] "The appointment of counsel in a civil case is left to the sound discretion of the district court."[7] When deciding whether to appoint counsel, the court weighs the following factors: "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims."[8] Ultimately, "[t]he burden is upon the applicant to convince the court that there is sufficient merit to his claim[s] to warrant the appointment of counsel."[9]

Mr. Uhl fails to meet his burden under those factors. First, with respect to the merits of Mr. Uhl's claims, the court has reviewed his complaint and determined that his complaint should be served on Defendants. However, at this point, the merits of Mr. Uhl's claims are not at issue. Indeed, the only current requirement that Mr. Uhl must fulfill is to comply with the court's order regarding service of process. The court is not persuaded that appointed counsel is needed to

---

[4] Although this and other courts discuss the "appointment of counsel" in the context of a civil case, that phrase is technically inaccurate because the court lacks the authority to "appoint counsel" in a civil case as it does in a criminal case. In a civil case, such as this one, all the court can do is request counsel to take the case, and counsel can decline. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 307-08 (1989) (recognizing that courts cannot compel an unwilling attorney to represent a party in a civil case).

[5] *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989) (per curiam).

[6] 28 U.S.C. § 1915(e)(1).

[7] *Shabazz v. Askins*, 14 F.3d 533, 535 (10th Cir. 1994).

[8] *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (citation modified).

[9] *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985) (per curiam).

assist Mr. Uhl with that task. Second, the nature of the factual issues raised in this case are not particularly complicated, and Mr. Uhl's detailed complaint demonstrates that he is intimately familiar with the facts. Third, while the court recognizes the potential barriers Mr. Uhl faces in pursuing this case while incarcerated, those circumstances were created through Mr. Uhl's own actions and do not justify appointing counsel. Finally, the legal issues in this case are not so complex as to require the appointment of counsel. In sum, Mr. Uhl fails to carry his burden of demonstrating that appointing counsel is warranted. Therefore, the court denies his motion to appoint counsel.

## ORDER

For the reasons stated above, the court HEREBY ORDERS:

1.  Mr. Uhl's motion for an extension of the deadline to comply with the court's order regarding service of process is GRANTED. Mr. Uhl must comply with the requirements of that order on or before May 19, 2026.

2.  Mr. Uhl's motion to appoint counsel is DENIED.

IT IS SO ORDERED.

DATED this 20th day of April 2026.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

3